## JONES vs. COVEY.

1. The statute which requires the plaintiff, in a suit for freedom, if out of the possession of the person claiming him as a slave, to enter into a recognizance, with sufficient sureties, to make good to his owner all such costs and damages as he shall have incurred in consequence of said suit, and to be forthcoming to abide the sentence of the court, (Clay's Digest, p. 542, § 19,) does not impose on the sheriff the duty of detaining him for that purpose; nor can his sureties, by surrendering their principal to the sheriff, discharge themselves from their bond.

2. But if the sheriff receives him, when surrendered by his sureties, and commits him to jail, he (and *a fortiori* the jailor, who is but his deputy) cannot recover against the sureties for board furnished their principal.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

THIS action was commenced before a justice of the peace, by Ransom Covey against Shandy Jones, to recover $36 50, the amount of an open account for boarding one Stephen Walker at defendant's request. The justice having rendered judgment against the plaintiff, the latter removed the cause, by *certiorari*, to the Circuit Court, and there filed his statement

in the usual form. The defendant filed a special plea in answer to the complaint, in which he averred, that said Stephen Walker and others had previously instituted a suit against one Richard Field, under the statute, to recover their freedom; that pending the suit, the court made an order (which is set out at length in the plea) requiring the plaintiffs therein to enter into the statutory recognizance; that pursuant to this order, defendant and others became bail for said Walker; that afterwards defendant, for himself and his co-sureties, surrendered said Walker to the sheriff, in discharge of their said bond, and the sheriff received him, and committed him to jail; that plaintiff's claim now sued on is for keeping said Walker in jail after said surrender, but before the trial of his said suit for freedom; and that on the trial of the said petition, the plaintiffs therein recovered a judgment declaring them to be free. The plaintiff demurred to this plea, and his demurrer was sustained; and this ruling of the court is now assigned for error.

E. W. PECK, for the appellant.

J. L. MARTIN, contra.

GOLDTHWAITE, J.—The statute (Clay's Dig. 542, § 19) provides, that in suits for freedom, the plaintiff, if out of the possession of the party who claims to hold him as a slave, shall enter into a recognizance, with sufficient security, to be approved by the judge, to make good to his owner all such costs and damages as he may incur in consequence of the application of the slave for the recovery of his freedom, and that he will be forthcoming to abide the sentence of the court; and whatever may be the effect of this act, so far as conferring power on the sureties of the applicant to keep him for the purpose of answering the judgment of the court is concerned, it is clear, that the statute imposes no duty on the sheriff to detain him for that purpose. In case of bail, it is true, this duty devolves on him, in the event of the surrender of the principal; but there the right of surrender by the bail, and the obligation of the sheriff to keep, both grow out of the original arrest, which in the first place commits him to the custody of the sheriff, and then, by the force of the bail-bond,

substitutes the bail in the place of the sheriff as the keepers of the principal. There being no obligation on the sheriff to keep, under the act referred to, there is no right in the sureties to deliver to him for that purpose; and they cannot, by a surrender of their principal, discharge themselves from their bond. It is true, that if the sureties were entitled to the custody of their principal, and were to substitute any other person in their place as actual keepers, the law would raise an assumpsit against them, in his favor, for the trouble and expense of such keeping. But this is not the case made by the record. The plea avers the institution of the suit by Walker to recover his freedom, the execution of the bond, his surrender by the appellant and his other co-sureties to the sheriff, and that on such delivery he was committed to jail; and it further avers, that the claim of the appellee is for keeping Walker in jail after his surrender. Upon the facts as thus alleged, the sheriff would have no right of action against the appellant, for the plea shows, with reasonable certainty, that the keeping in jail of Walker was not at his instance or request. It was because the sheriff considered it as a duty, which the law imposed on him, if Walker was delivered to him by his sureties; and his mistake of the law in this respect should not prejudice other parties. If the sheriff could not recover of the appellant on this state of facts, a fortiori, the jailor, whom the law regards merely as the deputy or servant of the sheriff, could not.

It follows that the demurrer to the plea should have been overruled.

Judgment reversed, and cause remanded.